## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **TERRY TUCKER and MYRA TUCKER,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: 4:17-CV-1037-VEH |
| **ORKIN, LLC,** ) ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

**I.    Introduction**

Plaintiffs Terry and Myra Tucker initiated this termite action against Defendant Orkin, LLC ("Orkin") in the Circuit Court of Marshall County on May 26, 2017. (Doc. 1-1 at 2).[1] Orkin removed Plaintiffs' case to federal court on June 20, 2017. (Doc. 1).

Pending before the Court is Orkin's Motion To Exclude Plaintiffs' Experts (doc. 19) (the "Motion") filed on March 8, 2018. Orkin primarily seeks to preclude Plaintiffs' expert witnesses from participating in this case on the basis that their disclosure reports were not timely provided under Rule 26(a)(2)(B) and the

---

[1] All page references to Doc. 1-1 correspond with the Court's CM/ECF numbering system.

Scheduling Order. (Doc. 19 at 1-2). Alternatively, in the event that this Court permits Plaintiffs to proceed with their untimely expert disclosures, Orkin asks for a four-week time period "for completion of all the steps involved in the preparation of rebuttal expert reports." (Doc. 19 at 2). While Plaintiffs oppose the central relief requested by Orkin, they do not oppose the alternative measure. (Doc. 19 at 1, 8). The Motion is **GRANTED** as to the alternative relief sought and otherwise is **TERMED** as **MOOT**.

## II. Standard

Rule 37(c)(1) provides in part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, <u>unless the failure was substantially justified or is harmless</u>.

FED. R. CIV. P. 37(c)(1) (emphasis added). "Whether to exclude a party's proposed witness in this circumstance is within the discretion of the Court." *Collins v. Beazer Homes USA, Inc.*, 334 F. Supp. 2d 1365, 1371 (N.D. Ga. 2004) (citing *Port Terminal & Warehousing Co. v. John S. James Co.*, 695 F.2d 1328, 1335 (11th Cir. 1983)); *see also Macklin v. Singletary*, 24 F.3d 1307, 1311 (11th Cir. 1994) ("[T]he abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" (quoting *United States v. Kelly*,

888 F.2d 732, 745 (11th Cir. 1989), *clarified on other grounds by United States v. Toler*, 144 F.3d 1423, 1425 & n.3 (11th Cir. 1998))); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971 (8th Cir. 1984) ("The very concept of discretion presupposes a zone of choice within which the trial courts may go either way.") (*Kern* cited with approval in *Kelly*).

As the Eleventh Circuit has explained the scope of a district court's discretion to exclude untimely disclosed expert witnesses:

> The only arguments the Bearints advance to support a finding of abuse of discretion is that despite the untimely proffer, Cosco knew of the report's existence after the deadline for submission of both initial and rebuttal expert reports but before trial, and that excluding the report greatly prejudiced them. <u>FED. R. CIV. P. 26(a)(2)(C) provides clear deadlines for the submission of expert reports to the court, and FED. R. CIV. P. 37(c)(1) gives district courts discretion to exclude untimely submissions</u>. *Coastal Fuels Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 202-03 (1st Cir. 1996), *cert. denied*, 519 U.S. 927, 117 S. Ct. 294 (excluding testimony of rebuttal witnesses because party did not comply with FED. R. CIV. P. 26(a)(2)(C)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001). Although the district court may have had discretion to admit an untimely report, *see Grimm v. Lane*, 895 F. Supp. 907, 913 (S.D. Ohio 1995) (admitting untimely expert evidence because no risk of unfair surprise existed), it did not abuse its discretion to exclude it as untimely in the circumstances under which the Bearints offered it. <u>The Bearints waited until trial, about four months after the report's publication, to submit it. Given the wide latitude the district court has to exclude untimely submissions, we cannot say that it abused its discretion to exclude this report</u>.

*Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th

Cir. 2004) (emphasis added).

III. **Procedural History**

On August 21, 2017, the Court entered a Scheduling Order (doc. 9) in this lawsuit based upon the suggested deadlines contained in the Report of Parties' Planning Meeting (doc. 8) filed on August 17, 2017. The Scheduling Order provided Plaintiffs with the deadline of November 17, 2017, to disclose any expert witnesses "including a complete report under Rule 26(a)(2)(B) from any specially retained or employed expert[.]" (Doc. 9 at 1). December 15, 2017, was Orkin's corresponding expert disclosure deadline. *Id.*

On December 13, 2017, the parties filed a Joint Motion To Continue Pre-Trial Deadlines (doc. 10) (the "Joint Motion"). In their Joint Motion, the parties sought a 90-day extension of the "deadlines in sections I.A and III." (Doc. 10 at 2 ¶ 7). On December 13, 2017, the Court entered the following margin order:

> TEXT ORDER GRANTING 10 Joint MOTION to Continue Pre-Trial Deadlines filed by Orkin, LLC. <u>All unexpired deadlines are hereby extended for 90 days</u>. Discovery due by 5/1/2018. Dispositive Motions due by 5/31/2018. Signed by Judge Virginia Emerson Hopkins on 12/13/2017. (KWC) (Entered: 12/13/2017)

(Doc. 11 (emphasis added)). After the entry of this Order (and unbeknown to this Court), "Orkin agreed to waive any potential timeliness objections to Plaintiffs' expert disclosures as long as they provided reports by February 15, 2018." (Doc. 19

4

at 3).

On February 15, 2018, Plaintiffs filed a Rule 26(a)(2) Expert Disclosure (doc. 12) (the "Notice") with the Court. The Notice identified two expert witnesses by name and a third only as a "representative". (Doc. 12 at 1 ¶¶ 1-3). No expert reports were attached to this Notice. However, Plaintiffs' counsel indicated that those reports had been "prepared and signed by the above-named expert witness" and "served on Defendant's counsel, pursuant to Rule 26(a)(2)(B), by U.S. mail." (Doc. 12 at 2).

Over 2 months after this Court's Order extending all unexpired deadlines only–on February 27, 2018–Plaintiffs filed a Motion To Amend and Continue Pre-Trial Deadlines (doc. 13) (the "Motion To Amend"). In this filing, Plaintiffs sought "an additional 180 days to serve their amended expert disclosures, and a 180-day extension of the remaining deadlines . . . ." (Doc. 13 at 4 ¶ 16). Orkin opposed the Motion To Amend (doc. 14) on February 27, 2018, on the basis that Plaintiffs were attempting to revive their already expired expert disclosure deadline. (*See* Doc. 14 at 5 ("In other words, more than nine months after filing their case, Plaintiffs have no experts and would like to start over."); *id.* at 6 ("The relief that Plaintiffs currently seek, however, amounts to an after-the-fact revision of deadlines already missed without good cause.")). On February 28, 2018, the Court denied the Motion To Amend. (Doc. 15).

On March 3, 2018, Plaintiffs filed a Response to Defendant's Opposition and Motion To Reconsider (doc. 16) (the "Motion To Reconsider"). The Court denied Plaintiffs' Motion To Reconsider two days later:

> TEXT ORDER denying 16 Motion for Reconsideration. The motion does not meet the standard for reconsideration and also does not meet the standard to reopen expired deadlines. Signed by Judge Virginia Emerson Hopkins on 3/5/2018. (KWC) (Entered: 03/05/2018)

(Doc. 18).

Subsequently, on March 7, 2018, Plaintiffs served Orkin with two expert reports. (Doc. 19 at 1); (*see also* Doc. 19-1 (attaching expert report of Tim Howard ("Mr. Howard") dated March 7, 2018)); (Doc. 19-2 (attaching expert report of Allen Davis ("Mr. Davis") dated February 7, 2018)).[2] Orkin's Motion followed one day later.

## IV. Analysis

The Scheduling Order specifies that "[a]ny requests for extension of any deadlines must be filed at least **five days prior to that deadline** to be considered." (Doc. 9 at 2 (emphasis in original)). It further emphasizes that:

> **Good cause must be shown for the extension of any deadline**. Good cause includes a showing of what discovery, etc., has already been completed and precisely <u>why</u> the deadlines cannot be met.

---

[2] Orkin points out that this February signature date on Mr. Davis's report is inconsistent with his inspection date of March 2, 2018. (Doc. 19 at 6-7 n.2); (Doc. 19-2 at 3, 4).

(*Id.* at 2 (emphasis in original)).

The Court has three times denied Plaintiffs' efforts to seek modification of their expired expert disclosure deadline–once implicitly (in ruling on the Joint Motion) and twice explicitly. (Docs. 11, 15, 18). Each time, Plaintiffs' attempt to extend their deadline to disclose experts failed to comply with the requirements of the Scheduling Order and to satisfy the good cause standard for modification of deadlines applicable under Rule 16. *Cf. Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), <u>we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure</u>.") (emphasis added).

Subsequent to these adverse rulings, Plaintiffs served Orkin with two expert reports on March 7, 2018, even though their Scheduling Order deadline to do so ran on November 17, 2017. They also missed the parties-only deadline to provide reports to Orkin by February 15, 2018. However, the names of Plaintiffs' two proposed experts were formally identified to Orkin on this date.[3]

Given this prior history, the procedural posture of Orkin's Motion turns upon an evaluation of whether Plaintiffs have carried their burden of showing substantial

---

[3] Plaintiffs further represent that they informally identified Mr. Howard to Orkin months before they filed their lawsuit and as part of their initial disclosures. (Doc. 21 at 8).

justification or harmlessness in their untimely disclosure of expert information to Orkin. As the Eleventh Circuit made clear in *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008), excluding an expert witness from testifying due a violation of Rule 26 "comprises only half of the inquiry." *Id.* at 1363. "We still must consider whether the sanction imposed by the district court was within its discretion." *Id.*

In reversing the district court's expert exclusion order in *OFS*, the Eleventh Circuit found that the record established substantial justification for the untimely expert disclosure in light of five different reasons.[4] Two of those identified by the Eleventh Circuit as worthy of consideration in *OFS* exist here. First, "this is not a case of complete failure to provide information about an expert witness." *Id.* Second, "no trial date for the case ha[s] been set or [i]s imminent." *Id.* at 1364. Additionally, the Eleventh Circuit found that the absence of an impending trial was the "most important[]" factor. *Id.*; *cf. also Bearint*, 389 F.3d at 1349 ("<u>The Bearints waited until trial</u>, about four months after the report's publication, to submit it.") (emphasis added).

While the Eleventh Circuit does not appear to have adopted a specific set of factors for a district court to consider when faced with this question, other courts of

---

[4] *OFS* does not mention Rule 16 or its good cause standard.

appeal have provided such guidance. For example, the Fourth Circuit has held:

> [I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

The Fifth Circuit has instructed that a district court determines harmlessness in conjunction with four factors:

> (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness. *See Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989).

*United States* v. $9,041,598.68, 163 F.3d 238, 252 (5th Cir. 1998), *superseded by statute on other grounds as discussed in United States v. Melrose E. Subdivision*, 357 F.3d 493, 501-02 (5th Cir. 2004).

Guided by the foregoing cases, while excluding Plaintiffs' untimely-disclosed expert witnesses might very well be within "the wide latitude [this Court] has to

exclude untimely submissions," *Bearint*, 389 F.3d at 1349,[5] the Court elects not to reach that question here. Instead, the Court ultimately concludes that granting Orkin's alternatively requested relief is the best course of action especially as both sides have agreed to it and because two of the *OFS* reasons establishing substantial justification are present here (including the most important one–no trial setting).

Additionally, this outcome is consistent with evaluating substantial justification and harmlessness under the frameworks adopted by the Fourth and Fifth Circuits. More specifically, pursuant to the Fourth Circuit's model in *Southern States*, Orkin is unable to show surprise by Plaintiffs' expert disclosures generally and Mr. Howard more specifically under the first factor. Regardless, to the extent that Orkin asserts surprise, such can be fixed–as contemplated by the second factor–in ordering the alternative relief requested in the Motion. The third *Southern States* factor does not apply because no trial has been set. Concerning the fourth factor, Plaintiffs' expert witnesses are undoubtedly important in this termite litigation, if not dispositive to Plaintiffs' claims. Finally, to the extent that the fifth *Southern States* factor favors excluding Plaintiffs' expert witnesses, the preceding factors outweigh this last one.

Similarly, pursuant to the Fifth Circuit's model, Plaintiffs' expert witnesses are

---

[5] *See also Macklin*, *Kelly*, and *Kern*, *supra*, which confirm the breadth of options available to a district court under an abuse of discretion standard.

critical to their case. To the extent that Orkin contends that it has been prejudiced by Plaintiffs' late disclosure of expert reports in March, it contributed to that prejudice (and delay) by agreeing to a February disclosure deadline (outside of the Court's parameters) for Plaintiffs' expert information. Regardless, such prejudice can be cured by ordering the alternative relief requested in the Motion. Finally, to the extent that consideration of the final factor favors excluding Plaintiffs' expert witnesses, the preceding factors outweigh this final one.

**V.    Conclusion**

This Court loathes that its ruling permits Plaintiffs the opportunity to circumvent their expert disclosure deadline as set out in the Scheduling Order. Nonetheless, Orkin exacerbated this situation by agreeing to an "off-the-books" extended deadline of February 15, 2018, for Plaintiffs to make those disclosures. Additionally, on February 15, 2018, Plaintiffs confirmed Mr. Howard's status as an expert witness, disclosed Mr. Davis as a second expert witness, and provided their corresponding reports to Orkin within 30 days thereafter. Consequently, this is not an appropriate case for testing the primary relief requested by Orkin.

Accordingly, the Motion is **GRANTED** as to the alternative relief sought by Orkin only and the remainder of the Motion is **TERMED** as **MOOT**. Further, the Scheduling Order deadline for Orkin to disclose its expert witnesses is **HEREBY**

11

**MODIFIED** and **EXTENDED** to four weeks from the entry date of this Order.

**DONE** and **ORDERED** this the 26th day of April, 2018.

/s/ VEHopkins
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge